**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019[*]
Decided March 14, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-2390

| | |
|---|---|
| DOROTHY A. MOORE-FOTSO, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:12-cv-10419 |
| BOARD OF EDUCATION OF THE | |
| CITY OF CHICAGO, | Robert M. Dow, Jr., |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Dorothy Moore-Fotso, a former teacher, sued the Chicago Board of Education for workplace discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The district court entered summary judgment for the Board. On Moore-Fotso's claims that the Board failed to accommodate a disability and discriminated against her, the court reasoned that she was not a "qualified individual" under the ADA. Moore-Fotso was absent or tardy without excuse 130 times in just two years, and the essential

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

functions of the job (teaching) required her to show up to work on time. *See Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814 (7th Cir. 2015) ("twenty-three absences prevented [plaintiff] from performing the essential functions of his teaching position," so "he is not a qualified individual"). The district court also entered summary judgment on her retaliation claim because the adverse actions predated her protected conduct or were unsubstantiated.

While we see no reason to disturb the district court's thorough opinion, we must dismiss (rather than affirm) Moore-Fotso's appeal because she has violated this court's rules. During the pendency of this appeal, she received six extensions of time to file her opening brief. Even though the last of these warned that she would receive no more extensions, in her initial opening brief she asked for another anyway. She later filed an "amended" opening brief, which in combination with her initial filing we allowed to serve as her opening. But even ignoring their belatedness, these filings are inadequate. The briefs do not raise any cogent arguments, discuss the district court's decision, describe the case or its proceedings, ask for relief, cite any legal authority, or provide record citations. (In lieu of citations or dates, she inserts "X's"—over 120 times.)

We are mindful of the challenges facing pro se litigants like Moore-Fotso, and accordingly we construe all her filings liberally. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Still, we cannot review the merits of her case because her brief does not present any discernible argument. *See* FED. R. APP. P. 28; *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013); *Anderson* at 545. Appellants must provide an articulable basis for disturbing a judgment, *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008), and Moore-Fotso's brief has failed to do so.

Her reply brief, which she filed after seven extensions of time, is similarly deficient. Like the opening brief, she again inserts *X*'s in lieu of record citations. She has, we acknowledge, belatedly cited some case law and mentions some rulings of the district court. But even here, Moore-Fotso does not engage with the district court's reasons for entering summary judgment, and thus still provides us with no basis to disturb it. And even if she had, the reply brief is too late in the appeals process to raise issues and arguments for the first time. *Darif v. Holder*, 739 F.3d 329, 336–37 (7th Cir. 2014). Such arguments belonged in her opening brief, so that the Board could respond to them.

Because Moore-Fotso's filings have not presented any articulable basis for disturbing the judgment of the district court, and because we see no obvious errors, we DISMISS the appeal.